IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREMAINE K. BURRIS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:25-CV-2570-B-BK |
| JPMORGAN CHASE BANK, N.A., | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Before the Court is Defendant JPMorgan Chase Bank, N.A.'s, *Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 28. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Tremaine K. Burris, proceeding *pro se*, brings this lawsuit against JPMorgan Chase Bank, N.A., ("Chase") for unlawful debt collection practices. Burris alleges (1) violations of the Fair Credit Reporting Act (FCRA); (2) violations of the Fair Debt Collection Practices Act (FDCPA); (3) unlawful collection practices under the Texas Finance Code; and (4) breach of contract.

According to the *First Amended Complaint*, Burris previously held two credit cards with Chase and subsequently defaulted on payments. Doc. 27 at 2. Chase filed a lawsuit in a Dallas

County court against Burris in an effort to collect payment.[1]  Doc. 27 at 3.  Chase also declared the debt to be charged off,[2] and reported the debt to consumer reporting agencies. Doc. 27 at 3.

Burris is now alleging violations of the FCRA due to Chase reporting inaccurate information.  Doc. 27 at 4.  He claims that he disputed the accuracy of Chase's credit reporting with consumer reporting agencies, including Equifax, and that Chase failed to reasonably investigate the disputed information.  Doc. 27 at 3.  Burris also brings a claim for violations of the FDCPA, alleging Chase sued him for collection without establishing ownership or authority to enforce the debt.  Doc. 27 at 5.  Next, Burris alleges breach of contract, alleging that there was a clause in the cardholder agreement between him and Chase that stipulates all disputes be resolved through arbitration.  Doc. 27 at 5.  Last, Burris alleges violations of the Texas Finance Code with respect to the debt collection, arguing that Chase used misleading and unfair methods. Doc. 27 at 5.  Burris alleges that Chase's actions have harmed him because, *inter alia*, he was denied an auto loan because of a low score on his credit report, which caused emotional distress, anxiety, and physical symptoms.  Doc. 27 at 4.

Chase has moved to dismiss Burris's *First Amended Complaint* under FED. R. CIV. P. 12(b)(6) for failure to state a claim.  Doc. 28.  Burris filed a response in opposition, Doc. 29, and Chase has filed a reply, Doc. 30.

---

[1] *JPMorgan Chase Bank, N.A. v. Tremaine Burris*, Case No. DC-25-7264, 162nd District Court of Dallas County, Texas.

[2] To "charge off" is to treat an account as a loss or expense because payment is unlikely. The charge is considered uncollectible by the original lender, although the debt is still legally valid and remains so after the charge-off.  When an account displays a status of "charge-off," it means the account is closed to future use, although that debt is still owed. *Schmidt v. Caliber Home Loans, Inc.,* No. 3:21-cv-931, 2022 WL 992742 at *3 (N.D. Tex. Mar. 31, 2022).

2

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). But the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79. Further, in reviewing a motion to dismiss under Rule 12(b)(6), the Court may only consider "the complaint, any documents

3

attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

### A. Burris has failed to State a Claim under the FCRA.

Generally, the FCRA provides a private right of action against consumer reporting agencies ("CRA") and furnishers of information for willful or negligent noncompliance. 15 U.S.C. §§ 1681n, 1681o. "[T]he plain language of Sections 1681n and . . . 1681o, when read in conjunction with Section 1681s-2, expressly provides a consumer remedy for violation by a furnisher of credit information of the obligations imposed under 15 U.S.C. § 1681s-2(b)." *Davidson v. Texan Credit Corp.*, No. 4:24-cv-1172, 2025 WL 1914397, at *2 (N.D. Tex. Apr. 28, 2025) (Cureton, J.), *adopted by* 2025 WL 1625353 (N.D. Tex. June 9, 2025) (internal quotation marks and citation omitted) (alterations in original).

"Under § 1681s-2(a), furnishers of information may not knowingly provide inaccurate information to consumer reporting agencies." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (citation omitted). "While there is no private cause of action for a furnisher's initial failure to provide inaccurate information to CRAs under § 1681s-2(a), the FCRA does create a private cause of action for violations of § 1681s-2(b), which sets forth the duties of furnishers of information once they have been notified of a dispute." *Spencer v. Specialized Loan Servicing*, No. 3:19-cv-1536, 2021 WL 4552548 at *15 (N.D. Tex. Sept. 1, 2021) (Scholer, J.) (citations omitted).

"To recover against a furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a [CRA]; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation . . . ." *Shaunfield*, 991 F. Supp. 2d at 805 (cleaned up).  "Prior to examining these elements, however, many courts require a *prima facie* showing that the information provided by a furnisher to a CRA was itself factually inaccurate as a predicate to recovery under § 1681s-2(b)." *Spencer*, 2021 WL 4552548 at *15.  Thus, as a threshold matter, Burris must show that the information provided by Chase to CRAs was either "patently incorrect," or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (discussing inaccurate information within the meaning of the FCRA).

Here, Burris claims that upon discovering inaccurate data on his credit report, he disputed the report with Chase and consumer reporting agencies, including Equifax.  Doc. 27 at 3.  Burris, however, fails to plausibly allege that inaccurate information was supplied to CRAs by Chase. Burris alleges that "Chase reported [Burris's] account to [CRAs] as 'charged off' while continuing to report that balance as owed," but that cannot provide a basis for a valid FCRA claim because it is common practice for banks to categorize debt as being charged off and subsequently report it as so, even though the debt is still owed.  *See also Conn Credit I v. TF LoanCo, III*, 903 F.3d 493, n.1 (5th Cir. 2018) ("To 'charge off' is to treat an account 'as a loss or expense because payment is unlikely.'  A charged-off account, in other words, is 'bad debt.'") (quoting *Charge Off*, Black's Law Dictionary (10th ed. 2014)); *see also Reyes v. Equifax Info*

*Servs., L.L.C.*, 140 F.4th 279, 282 (5th Cir. 2025) (discussing how Citibank charged off an account and reported the unpaid balance).

A charged off debt "is considered uncollectible by the original lender, although the debt is still legally valid and remains so after the charge-off.  When an account displays a status of charge off, it means the account is closed to future use, although that debt is still owed.  *Schmidt v. Caliber Home Loans, Inc.*, No. 3:21-cv-931, 2022 WL 992742, at *3 (N.D. Tex. Mar. 31, 2022) (Brown, J.) (internal citation and quotation marks omitted).  In other words, Chase reporting charged off debt to CRAs is not inaccurate information.  Therefore, because Burris does not allege that inaccurate information was reported on his credit report, his claim fails under Rule 12(b)(6).

### B.  Burris has Failed to State a Claim for Violations of the FDCPA.

Congress enacted the FDCPA to eliminate abusive debt collection practice by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.  15 U.S.C. § 1692(e).  Under this Act, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e; *see also Davis v. Credit Bureau of the South*, 908 F.3d 972, 976 (5th Cir. 2018).  "To prevail on a FDCPA claim, [a plaintiff] must prove the following: (1) that he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission by the FDCPA."  *Hunsinger v. SKO Brenner American, Inc.*, No. 3:13-cv-988, 2008 WL 3949023 at *2 (N.D. Tex. Aug. 1, 2013) (Fitzwater, C.J.)

Here, Burris alleges that Chase violated the FDCPA because Chase sued him while acting as a debt collector without clearly establishing ownership or authority to enforce the debt. Doc. 27 at 5. But this claim fails because the FDCPA expressly excludes from its definition of debt collector "any officer or employee of a creditor [who,] while, in the name of the creditor, [is] collecting debts for such creditor." 15 U.S.C. § 1692a. Burris fails to allege any plausible facts from which it can be inferred that Chase was not acting in a creditor capacity when suing Burris in state court for the debt collection, as it was the card issuer and brought the suit as Chase Bank. *See* Doc. 27. Thus, Chase does not qualify as a debt collector under the Act, meaning they are not subject to the FDCPA. *See* 15 U.S.C. § 1692a. And so, because Chase does not qualify as a debt collector, Burris fails to state a claim for relief under the FDCPA.

**C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

Burris also alleges claims under state law for breach of contract and unlawful collection practices under the Texas Finance Code. Doc. 27 at 5. Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants federal courts the "power to hear a state law claim under pendant or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon,*

*LLC*, No. 3:15-cv-1162, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (Ramirez, J.) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1996).

However, when all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction over a state claim if, *inter alia*, the district court has dismissed all claims over which it had original jurisdiction). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endant jurisdiction is a doctrine of discretion, not of [a] plaintiff's right.").

In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Here, that balance favors declining to exercise jurisdiction over the remaining state-law claims. Because Plaintiff's federal claims are subject to dismissal for failure to state a claim, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be dismissed without prejudice being pursued in state court.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to

dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). "A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint." *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (per curiam)). As discussed *supra*, Burris's FDCPA claim is fatally infirm. Given the facts posited by Burris, it is unlikely that he could plausibly state a claim for relief under the FDCPA even if granted another opportunity. Thus, the Court concludes that Burris has already pled his best case with respect for his FDCPA claim and that granting leave to amend those claims would be futile and cause needless delay. Nevertheless, because Burris is proceeding *pro se*, and it is not clear that his FCRA claim is fatally infirm, he should be given an opportunity to cure the deficiencies noted as to his FCRA claim, if possible.

## V. CONCLUSION

For the foregoing reasons, Defendant JPMorgan Chase Bank, N.A.'s, *Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 28, should be **GRANTED**. Accordingly, the Court should dismiss Burris's FDCPA claims **WITH PREJUDICE**, and his remaining claims **WITHOUT PREJUDICE**.

However, if Burris fails to file a second amended complaint within 14 days of the presiding district judge's acceptance of this recommendation, upon Chase's re-urging, Burris's FCRA claim also should be **DISMISSED WITH PREJUDICE,** and his state law claims should

be **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

      **SO RECOMMENDED** on May 15, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

10