**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TREMAINE K. BURRIS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | **CASE NO. 3:25-CV-2570-B-BK** |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| **DEFENDANT.** | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Doc. 8, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court is Defendant JPMorgan Chase Bank, N.A.'s, *Motion for Judgment on the Pleadings*, Doc. 41. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Tremaine K. Burris, proceeding *pro se*, is suing JPMorgan Chase Bank, N.A., ("Chase") in relation to consumer credit accounts he held with Chase. According to Burris's *First Amended Complaint*, Burris previously held two credit cards with Chase and subsequently defaulted on payments. Doc. 27 at 2. Chase filed a lawsuit in a Dallas County court against Burris to collect payment.[1] Doc. 27 at 3. Chase also declared the debt as charged off,[2] and

---

[1] *JPMorgan Chase Bank, N.A. v. Tremaine Burris*, Case No. DC-25-7264, 162nd District Court of Dallas County, Texas.

[2] To "charge off" is to treat an account as a loss or expense because payment is unlikely. The charge is considered uncollectible by the original lender, although the debt is still legally valid and remains so after the charge-off. So, when an account displays a status of "charge-off," it

reported it to consumer reporting agencies. Doc. 27 at 3.

In his *First Amended Complaint*, Burris alleged violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and Texas Finance Code, as well as breach of contract. Doc. 27 at 4-5. He claimed that he had disputed the accuracy of Chase's credit reporting with consumer reporting agencies, including Experian, and that Chase failed to reasonably investigate the disputed information. Doc. 27 at 3. Burris also alleged that he was harmed by Chase's actions because, *inter alia*, he was denied an auto loan because of a low score on his credit report, which caused him emotional distress, anxiety, and physical symptoms. Doc. 27 at 4.

Chase moved to dismiss Burris's *First Amended Complaint* under FED. R. CIV. P. 12(b)(6) for failure to state a claim. Doc. 28. The Court granted Chase's motion to dismiss, but also granted Burris leave to file to replead his FCRA claim. Doc. 37. Burris subsequently filed his *Second Amended Complaint* (the operative pleading), which re-alleges only the FCRA claim. Doc. 38. Shortly after filing its Answer, Doc. 39, Chase filed the motion *sub judice*, moving for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Doc. 41. Burris has filed a response, Doc. 42, and Chase has filed a reply, Doc. 44.

## II. APPLICABLE LAW

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citing *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004). Thus, to

---

means the account is closed to future use, although that debt is still owed. *Schmidt v. Caliber Home Loans, Inc.,* No. 3:21-cv-931, 2022 WL 992742 at *3 (N.D. Tex. Mar. 31, 2022) (Brown, J.).

survive a motion to dismiss under Rule 12(b)(6) (and by extension, Rule 12(c)), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff, *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007), but is not bound to accept legal conclusions as true, *Iqbal*, 556 U.S. at 678-79. The Court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Bosarge*, 796 F.3d at 440 (applying the same standards of review to a Rule 12(c) motion).

## III. Analysis

Generally, the FCRA provides a private right of action against consumer reporting agencies ("CRA") and furnishers of information for willful or negligent noncompliance. 15 U.S.C. §§ 1681n, 1681o.

"Under § 1681s-2(a), furnishers of information may not knowingly provide inaccurate information to consumer reporting agencies." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F.

Supp. 2d 786, 805 (N.D. Tex. 2014) (citation omitted). Section 1681s-2(a) of the FCRA does not authorize a private cause of action for a furnisher's initial failure to provide accurate information to CRAs, but "does create a private cause of action for violations of § 1681s-2(b), which sets forth the duties of furnishers of information once they have been notified of a dispute." *Spencer v. Specialized Loan Servicing*, No. 3:19-cv-1536, 2021 WL 4552548 at *15 (N.D. Tex. Sept. 1, 2021) (Scholer, J.) (citations omitted).

"To recover against a furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a [CRA]; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation . . . ." *Shaunfield*, 991 F. Supp. 2d at 805 (cleaned up). "Prior to examining these elements, however, many courts require a *prima facie* showing that the information provided by a furnisher to a CRA was itself factually inaccurate as a predicate to recovery under § 1681s-2(b)." *Spencer*, 2021 WL 4552548 at *15. Thus, as a threshold matter, Burris must show that the information provided by Chase to CRAs was either "patently incorrect," or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (discussing inaccurate information within the meaning of the FCRA).

In the operative complaint, Burris claims that upon discovering "inaccurate, incomplete, and materially misleading" information concerning "the Chase tradeline" on his credit report, he disputed the report with Chase and consumer reporting agencies, including Experian. Doc. 38 at 2. However, once again, Burris fails to plausibly allege the information reported to CRAs by Chase was "factually inaccurate." *Spencer*, 2021 WL 4552548 at *15. Indeed, Burris's *Second*

*Amended Complaint* provides fewer factual allegations as to the reported inaccuracies than were alleged in his *First Amended Complaint*. *Compare* Doc. 38, *with* Doc. 27.

Chase argues that Burris's reliance on his "genuine[ ] belie[f]" that the reporting was inaccurate without identifying "*what* Chase reported that was inaccurate, *how* it was inaccurate, or *what* the accurate information should have been" is "insufficient to state a claim." Doc. 41 at 7 (emphases in original). Burris counters that the "actual dispute records" he requested from Experian "may establish precisely" the inaccurate information Burris disputed. Doc. 42 at 10. Chase is correct and Burris's argument is unavailing.

At bottom, Burris fails to meet the threshold for recovery under § 1681s-2(b), to-wit, the proffer of facts establishing, or from which it can be reasonably inferred, that the information provided by Chase to Experian was factually inaccurate. *Spencer*, 2021 WL 4552548 at *15; *Iqbal*, 556 U.S. at 678-79. Burris's conclusory allegations that he "disputed the account because [he] genuinely believed the reporting was inaccurate" and that the "continued reporting remained inaccurate," Doc. 38 at 2, falls well short of this requirement. His FCRA claim therefore fails under Rule 12(c), just as it did under Rule 12(b)(6).

## IV. Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). "A plaintiff has pleaded her best case after her is 'apprised of the insufficiency' of her complaint." *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (per curiam)).

When dismissing Burris's *First Amended Complaint*, the Court specifically found as to

Burris's FCRA claim that he "[did] not allege that inaccurate information was reported on his credit report, [thus,] his claim fail[ed] under Rule 12(b)(6)." Doc. 32 at 6. However, despite being apprised of this insufficiency and given the opportunity to amend in order to rectify it, Burris's FCRA claim alleged in the *Second Amended Complaint* fails under essentially the same standard as his previous FCRA claim and for essentially the same reason. Thus, the Court can only conclude that Burris has already pled his best case with respect to his FCRA claim, and that once again granting leave to amend would be futile and cause needless delay.

## V. Conclusion

For the foregoing reasons, Defendant JPMorgan Chase Bank, N.A.'s *Motion for Judgment on the Pleadings*, Doc. 41, should be **GRANTED**. Accordingly, Burris's FCRA claim should be **DISMISSED WITH PREJUDICE**. As no other claims will remain, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on August 26, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).